In the Matter of Abraham A. Cohen, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie,* for the petitioner.

*Abraham A. Cohen,* respondent in person.

Finch, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, First Department, on July 1, 1921. By the petition herein the respondent was charged

with the conversion of funds of his clients. The respondent answered and the matter was referred to a referee to take testimony concerning the charges and report the same to the court with his opinion thereon. Hearings were had and the testimony closed, but the referee died before making his report. Thereupon another referee was appointed. Before this referee it was stipulated that all the evidence taken before his predecessor might be received and considered. It was further stipulated that the petition be amended by adding two additional charges, namely, that the respondent in two instances had signed or caused to be signed the name of a commissioner of deeds to certificates of acknowledgment attached to general releases.

The learned referee has duly reported, finding the respondent guilty of the charges of conversion and also finding him guilty of having caused the name of the commissioner of deeds to be forged to general releases.

Typical of the charges here are the facts found in the Kalinsky case. In April, 1929, respondent was retained by Sophie Kalinsky and David Kalinsky to bring a personal injury action. On December 4, 1929, the respondent wrote his clients that he had succeeded in procuring an offer of $100 in settlement of the claim, and inclosed with the letter a general release to be signed and returned if the proposed adjustment was satisfactory. This letter contained no request that the release be acknowledged at the office of the respondent or before being returned to him. Upon the receipt of this letter, the clients of the respondent executed the release and returned it to him, unacknowledged. The respondent then caused the name of Lewis M. Cooper to be forged to the acknowledgment of the release. Cooper was an employee of the respondent, but his term as commissioner of deeds had expired. A handwriting expert testified that the signature upon the acknowledgment was not that of Cooper. The same expert testified the signature bore striking similarities to the handwriting of the respondent, but was unwilling to state positively that it was his.

Upon this release as thus acknowledged, the respondent obtained from the indemnity company a check to the order of his clients and himself. This check he forwarded on December eighteenth to his clients with a request that it be indorsed and returned to him, upon receipt of which, he stated, ." your check will follow in due course." The check was thereupon indorsed by the clients of the respondent and returned to him. The check was cashed by the respondent through a friend, the respondent at that time having no bank account. Two months previously he had closed his account by withdrawing the exact balance therein. The

respondent, nevertheless, drew a check upon the bank in which his account had been closed, in the sum of $50, and sent this check to his clients in payment of their share of the settlement. The check, of course, was returned by the bank unpaid. On January 23, 1930, the respondent opened a new account with deposits of $350, and on January 24, 1930, wrote to Mr. Kalinsky stating: " Enclosed please find check in the sum of $50 for the one issued on January 13, 1930. The other one was given by inadvertence. * * * " This check also was returned unpaid because the account was short. The respondent, it appears, had drawn ten checks upon the account aggregating $365.26, or $15.26 more than he had in the bank. Respondent in explanation claimed he had made an error in the addition of certain of the checks in his check book amounting to $45, and, therefore, had assumed he had a sufficient balance on deposit. The check book apparently corroborates this explanation for the second return of the check.

The other charges involve a similar course of conduct in connection with a claim of Lena Harrison, in which a collection of $225 was effected. In this case the second check sent by the respondent was paid, it being one of the aforesaid ten checks by the aggregate amount of which the account opened by the respondent on January 23, 1930, was overdrawn.

It thus appears that the respondent converted the funds of his clients, although, as found by the referee, he did not intend permanently to keep the funds, and did return and attempt to return them before these charges were brought against him.

The respondent concedes this conversion and pleads for leniency upon the ground that he had lost his clientele because of charges against him in connection with the so-called Ambulance Chasing Investigation, and was in dire financial distress, without any means of support for his wife and three children, which condition was accentuated by the serious illness of his wife and her need of medical services.

Because of this pressing need the respondent also went to the length of having the false acknowledgments affixed to the releases by which he procured the aforesaid funds so that the possession of the funds might be hastened.

The respondent is wholly lacking in the possession of character necessary to a member of an honorable profession.

The respondent should be disbarred.

MERRELL, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent disbarred.